IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE E. CARTER,**

      Petitioner,

    v.                                CIVIL ACTION NO. 1:04CV175
                                            (Judge Stamp)

**HARLEY LAPPIN, Director;**
**K.J. WENDT, Warden, and**
**ANTHONY William, Mayor,**

      Respondents.

**REPORT AND RECOMMENDATION/OPINION**

**I. PROCEDURAL HISTORY**

On August 9, 2004, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner asserts that the Bureau of Prisons ["BOP"] has not awarded him statutory good time as required by D.C. Law, and thus, he has "unconstitutionally received an increase of his parole eligibility and mandatory release dates.

The petitioner asserts that he has exhausted his administrative remedies. However, in order for the Court to determine whether exhaustion had occurred, on August 31, 2004, the petitioner was ordered to answer the following questions:

(1)     On April 22, 2004, your Regional Appeal was rejected and returned to you because you could only submit one continuation page. After receiving the April 22, 2004 Rejection Notice did you resubmit your appeal to the regional office in proper form?

(2)     If yes, did you receive a ruling on your Regional Appeal?

1

(3) Did you file a Central Office Appeal[1] after receiving a ruling on the Regional Appeal?

(4) If you did not resubmit your regional appeal in proper form, did you file a Central Office Appeal?

(5) On May 12, 2004, your Central Office Appeal was rejected and returned to you because you should have filed at the regional office. You were further advised that the central office was concurring with the region's rational in rejecting your appeal and you needed to file your appeal in accordance with PS 1330.13. When you received the May 12, 2004 Rejection Notice did you take any further steps to exhaust your administrative remedies? What steps did you take?

On September 7, 2004, the petitioner responded to the Court's order. On December 23, 2004, the Court ordered the respondents to show cause why the writ should not be granted. On February 17, 2005, the respondents filed a Response to Order to Show Cause. On February 28, 2005, the petitioner filed Petitioner's Traverse to Respondent's Response.

## II. FACTS

The petitioner is incarcerated at FCI-Gilmer and is serving five sentences. On March 18, 1996, the petitioner was sentenced by the Superior Court for the District of Columbia to a 9-27 year term of imprisonment for armed robbery; on November 19, 1986, he was sentenced by the United States District Court for the Eastern District of Virginia to a 90 day sentence for escape[2]; on March 24, 1988, he was sentenced by the Superior Court of the District of Columbia to a 13-39 year

---

[1] This level is later referred to in this Report and Recommendation/Opinion as an appeal to the Office of General Counsel.

[2] The petitioner alleges he is serving four sentences and does not mention the 90 day sentence for the escape conviction.

sentence for armed robbery; on October 13, 1988, the petitioner was sentenced by the Superior Court of the District of Columbia to one year for carrying a pistol without a license; and on October 14, 1988, he was sentenced by the Superior Court for the District of Columbia to 1 year for carrying a pistol without a license. The sentences were all ordered to run consecutively and resulted in an aggregated sentence of 68 years and 90 days.

The BOP has determined that the petitioner's mandatory release date, the date he will finish serving his sentence with consideration of good conduct time, is October 17, 2031, and that the first date he became eligible for parole was January 11, 2003. The BOP has further determined that based on an aggregated sentence of 68 years and 90 days, and 18 U.S.C. §4161, the petitioner receives 10 days of good conduct time per month and that his projected good conduct time is 8189 days.

The petitioner contends that the application of BOP Policy Statement 5880.02 violates the Ex Post Facto Clause. He further asserts that he is entitled to good time with regard to both his minimum term of imprisonment and his maximum term of imprisonment for each of his sentences pursuant to the District of Columbia Good Time Credits Act.

The respondents contend that the petitioner has failed to properly exhaust his administrative remedies, and that the BOP has correctly calculated the petitioner's sentence.

### III. ANALYSIS

Federal inmates are required to exhaust their administrative remedies prior to filing a §2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004).

The BOP provides a four-step administrative process beginning with attempted informal

resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the Office of the General Counsel (BP-11). 28 C.F.R. § 542.10-542.15.

In the instant case, the respondent asserts that the petitioner did not fully exhaust his administrative remedies. In support of its position, the respondent has submitted the February 15, 2005 affidavit of Sharon Wahl, Legal Instruments Examiner, FCI-Beckley. Ms. Wahl indicates that on March 17, 2004, the petitioner filed an Administrative Remedy with the warden.[3] The request was denied on March 31, 2004. On April 7, 2004, the petitioner filed an appeal with the Regional Director which was rejected for improperly filing because the petitioner submitted more than one continuation page did not have three copies of his continuation page as directed in Program Statement 1330.13, Administrative Remedy Program. The petitioner was instructed to re-file his appeal within 10 days. On April 9, 2004, the petitioner filed another appeal with the Regional Director which was rejected on April 22, 2004, because he submitted more than one continuation page. He was directed to resubmit his appeal in proper format within ten days. On May 5, 2004, the petitioner filed an appeal with the Office of General Counsel. The appeal was rejected for improper filing because he failed to re-file his appeal with the Mid-Atlantic Regional Office as directed, and because he failed to submit his appeal in accordance with Program Statement 1330.13.

The petitioner asserts that he resubmitted his Regional Appeal in proper form and was

---

[3] The warden told the petitioner that he was serving a term of 22 years-8months-30 days to 68 years-90 days and he could possibly earn a total of 8189 days of statutory good time with a projected release date of November 17, 2031. He was further advised that the District of Columbia Sentence Computation Manual 5880.32, Chapter 20 provides that "when two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed." According to the warden, the petitioner's Statutory Good Time was based on his total aggregate term and was computed within policy.

assisted by a unit counselor. He asserts that he provided three copies as required and that someone tampered with outgoing special mail. However, such alleged tampering would not explain why he had more than one continuation page. Further, the petitioner admits that he did not re-file with the Regional Director as he was directed to do by the Office of General Counsel because he felt it was pointless to do so.

The undersigned notes that this Court has found that a prisoner's failure to satisfy the procedural rules of the BOP's administrative process constitutes a procedural default. <u>McCallister v. Haynes,</u> 2004 WL 3189469, *2 (N.D.W.Va.2004)(citing <u>Moscato v. B.O.P.</u>, 98 F.3d 757, 760 (3d Cir.1996). In <u>McCallister</u>, this Court further found that such procedural default of administrative remedies bars judicial review of a habeas petition unless the inmate can show cause for the default and prejudice attributable thereto. <u>Id.</u>

Based on the information provided by the respondent, the petitioner did not properly submit his appeal to the Regional Director, and he did not submit an appeal to the Office of General Counsel. While the petitioner explains that he did in fact submit his appeal to the Regional Director in proper form, and that he had assistance, the petitioner does not submit any evidence to support his position that the filing was proper. In fact, the information provided by the petitioner reveals more than one continuation page was filed. Thus, the undersigned finds that the petitioner has not exhausted his administrative remedies and has not demonstrated cause and prejudice for his procedural default. Consequently, the undersigned recommends that the petition be dismissed.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE because he has failed to exhaust his administrative remedies and such constitutes a procedural default of his claims.

5

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: June 10, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE