IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE E. CARTER,

    Petitioner,

v.                                                    Civil Action No. 1:04CV175
                                                                      (STAMP)

HARLEY LAPPIN, Director,
K.J. WENDT, Warden and
ANTHONY WILLIAM, Mayor,

    Respondents.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

    On August 9, 2004, pro se petitioner, George E. Carter, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005.

    On August 31, 2004, Magistrate Judge Kaull entered an order requiring the petitioner to provide information regarding the exhaustion of his claims within fifteen (15) days. The petitioner responded. On December 23, 2004, Magistrate Judge Kaull entered an order requiring the respondents to show cause why the writ should not be granted. After seeking an extension, the respondents submitted their response, to which the petitioner replied.

    On June 10, 2005, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties

that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The petitioner filed timely objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

In his § 2241 petition, petitioner contends that the Federal Bureau of Prisons ("BOP") has not awarded him good conduct time ("GCT") as required under the law of the District of Columbia.  He claims that his parole eligibility and mandatory release dates have been unconstitutionally increased.

In his report, the magistrate judge concluded that the petitioner has failed to exhaust his administrative remedies.  He found, based on the information provided by the respondents, that the petitioner did not properly submit his appeal to the Regional Director and did not submit an appeal to the Office of General Counsel.  He explained that the petitioner has submitted no

evidence to support his position that he exhausted these remedies. Further, the magistrate judge found that the petitioner has not demonstrated cause and prejudice for his procedural default. On these grounds, the magistrate judge recommended that the § 2241 petition be denied with prejudice and dismissed.

In his objections, the petitioner claims that he took the proper steps to exhaust his administrative remedies. He argues that he has been denied the opportunity to present witnesses to testify on his behalf that they filed the relevant documents for him. He claims he has answered the magistrate judge's questions truthfully and in good faith.

This Court agrees with Magistrate Judge Kaull that the petitioner has failed to exhaust his administrative remedies. The evidence in the record demonstrates that the petitioner's appeal was denied for improper filing. Specifically, the petitioner: (1) failed to re-file his appeal with the Mid-Atlantic Regional Office as directed; and (2) failed to submit his appeal in accordance with Program Statement 1330.13. The petitioner asserts that he did not re-file his appeal with the regional office because he felt it was pointless to do so. This belief does not relieve him of his duty to exhaust this avenue for relief. Moreover, the petitioner argues that he properly filed his appeal pursuant to Program Statement 1330.13, and that federal officials must have tampered with his outgoing mail. As noted by the magistrate judge, this would not explain the existence of excessive continuation sheets.

This Court agrees with the magistrate judge that the petitioner has failed to demonstrate that he exhausted his administrative remedies. Thus, his claims are procedurally defaulted. Because the petitioner has failed to show cause for the default and prejudice, this Court cannot conduct a judicial review of his habeas claim. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Accordingly, for the reasons stated above, petitioner's § 2241 petition is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record

4

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 23, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE